**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 11** |
| | § | |
| **SILICON HILLS CAMPUS, LLC,** | § | **Case No. 20-10042-tmd** |
| **DEBTOR,** | § | |
| **and** | § | |
| **WC HIRSHFELD MOORE, LLC,** | § | **Case No. 20-10251-tmd** |
| **WC 103 EAST FIFTH, LLC,** | § | **Case No. 20-10252-tmd** |
| **WC 320 CONGRESS, LLC,** | § | **Case No. 20-10253-tmd** |
| **WC 422 CONGRESS, LLC,** | § | **Case No. 20-10254-tmd** |
| **WC 805-809 EAST SIXTH, LLC,** | § | **Case No. 20-10255-tmd** |
| **WC 901 EAST CESAR CHAVEZ, LLC,** | § | **Case No. 20-10256-tmd** |
| **WC 1212 EAST SIXTH, LLC,** | § | **Case No. 20-10257-tmd** |
| **WC 9005 MOUNTAIN RIDGE, LLC,** | § | **Case No. 20-10258-tmd** |
| **DEBTORS.** | | |

| | | |
|---|---|---|
| **SILICON HILLS CAMPUS, LLC, WC HIRSHFELD MOORE, LLC, WC 805-809 EAST SIXTH, LLC, WC 320 CONGRESS, LLC, WC 901 EAST CESAR CHAVEZ, LLC, WC 1212 EAST SIXTH, LLC, WC 9005 MOUNTAIN RIDGE, LLC, WC 103 EAST FIFTH, LLC, AND WC 422 CONGRESS, LLC** | § | **Adversary No. ______________** |
| **Plaintiff-Debtors** | § | **Removed from the District Court for the 261st Judicial District in Travis County, Texas** |
| **v.** | § | |
| **ATX DEBT FUND 1, LLC, ATX DEBT FUND 2, LLC, CONGRESS AVENUE HOLDINGS, LLC, KARLIN REAL ESTATE, LLC, KARLIN ASSET MANAGEMENT, INC., PENNYBACKER CAPITAL, LLC, CONGRESS AVENUE HOLDINGS GP, LLC, AND CONGRESS AVENUE HOLDINGS, LP** | § | |
| **Defendants** | § | |

## NOTICE OF REMOVAL[1]

[1] This Notice of Removal is being filed in bankruptcy **Case No. 20-10042** to initiate the requisite adversary proceeding. Eight of the nine (9) Plaintiff-Debtors are also debtors in eight (8) bankruptcy cases jointly administered under **Case No. 20-10251**.

**PLEASE TAKE NOTICE** that ATX Debt Fund 1, LLC, ATX Debt Fund 2, LLC, Karlin Real Estate, LLC, and Karlin Asset Management, Inc. (collectively, the "**ATX Defendants**") hereby remove this action pursuant to 28 U.S.C. § 1452(a), Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9027 of the Local Rules for the United States Bankruptcy Court for the Western District of Texas (the "**Local Rules**"), from the 261st Judicial District Court, Travis County, Texas (the "**State Court,**" and such action the "**State Court Action**"), to the United States Bankruptcy Court for the Western District of Texas. Jurisdiction is proper in this Court under 28 U.S.C. § 1334. In support of this Notice of Removal, the ATX Defendants state as follows:

## BACKGROUND

1. On June 23, 2021, Plaintiff-Debtors commenced this action against the ATX Defendants, Congress Avenue Holdings, LLC, Pennybacker Capital, LLC, Congress Avenue Holdings GP, LLC, and Congress Avenue Holdings, LP (collectively, the "**Defendants**") by filing *Plaintiff's Original Petition and Emergency Application for Receiver* (the "**Petition**") in the State Court.

2. Plaintiff-Debtors are currently debtors in nine (9) bankruptcy cases pending in this Court:

a. On January 7, 2020, Silicon Hills Campus, LLC (the "**Silicon Hills Debtor**") filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Western District of Texas, commencing Case No. 20-10042-tmd (the "**Silicon Hills Bankruptcy Case**").

b. On February 3, 2020, WC Hirshfeld Moore, LLC, WC 103 East Fifth, LLC, WC 320 Congress, LLC, WC 422 Congress, LLC, WC 805-809 East Sixth, LLC, WC 901 East Cesar Chavez, LLC, WC 1212 East Sixth, LLC, and WC 9005 Mountain Ridge, LLC (collectively, the "**Austin IV Debtors**"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Texas, commencing Case Nos. 20-10251-tmd, 20-10252-tmd, 20-10253-tmd, 20-

10254-tmd, 20-10255-tmd, 20-10256-tmd, 20-10257-tmd, and 20-10258-tmd, respectively (collectively, the "**Austin IV Bankruptcy Cases**," and together with the Silicon Hills Bankruptcy Case, the "**Bankruptcy Cases**"). The Austin IV Bankruptcy Cases are jointly administered under Case No. 20-10251-tmd.

3. Defendant ATX Debt Fund 1, LLC ("**ATX Debt Fund 1**") is a secured creditor of the Silicon Hills Debtor. ATX Debt Fund 1's predecessor-in-interest obtained relief from the automatic stay in the Silicon Hills Bankruptcy Case to pursue its state law remedies under its loan documents with the Silicon Hills Debtor, including foreclosure of the Silicon Hills Debtor's property located at 6801 River Place Boulevard, Austin, Texas (the "**Silicon Hills Property**"). ATX Debt Fund 1 obtained the Silicon Hills Property via a credit bid of $53 million at a foreclosure sale conducted on June 1, 2021, pursuant to the provisions of the applicable deed of trust and the Texas Property Code.

4. Defendant ATX Debt Fund 2, LLC ("**ATX Debt Fund 2**") is a secured creditor of the Austin IV Debtors. ATX Debt Fund 2 obtained relief from the automatic stay in the Austin IV Bankruptcy Cases to pursue its state law remedies under its loan documents with the Austin IV Debtors, including foreclosure of the Austin IV Debtors' eight properties located in Austin, Texas (collectively, the "**Austin IV Properties**," and together with the Silicon Hills Property, collectively, the "**Properties**"). ATX Debt Fund 2 obtained the following six Austin IV Properties via credit bids at foreclosures sales conducted on June 1, 2021, pursuant to the provisions of the applicable deeds of trust and the Texas Property Code:

a. The property located at 103 East 5th Street, Austin, Texas, previously owned by WC 103 East Fifth, LLC for a credit bid of $5 million;

b. The property located at 320 Congress Avenue, Austin, Texas, previously owned by WC 320 Congress, LLC for a credit bid of $13.2 million;

c. The property located at 422 Congress Avenue, previously owned by WC 422 Congress, LLC for a credit bid of $10 million;

d. The property located at 805-809 East 6th Street, Austin, Texas, previously owned by WC 805-809 East Sixth, LLC for a credit bid of $1 million;

e. The property located at 901 East Cesar Chavez Street, Austin, Texas, previously owned by WC 901 East Cesar Chavez, LLC for a credit bid of $1.5 million; and

f. The property located at 9005 Mountain Ridge Drive, Austin, Texas, previously owned by WC 9005 Mountain Ridge, LLC for a credit bid of $1.5 million.

5. Defendants Karlin Real Estate, LLC and Karlin Asset Management, Inc. are affiliates of ATX Debt Fund 1 and ATX Debt Fund 2.

6. Defendant Congress Avenue Holdings, LLC is a third-party entity—entirely unaffiliated with the ATX Defendants—that purchased the following two Austin IV Properties in cash at foreclosure sales conducted on June 1, 2021, pursuant to the provisions of the applicable deeds of trust and the Texas Property Code:

a. The property located at 305 W. 9th Street, Austin, Texas, previously owned by WC Hirshfeld Moore, LLC for a cash bid of $5.7 million; and

b. The property located at 1212 East 6th Street, Austin, Texas, previously owned by WC 1212 East Sixth, LLC for a cash bid of $5.9 million.

7. Upon information and belief, Pennybacker Capital, LLC, Congress Avenue Holdings GP, LLC, and Congress Avenue Holdings, LP are affiliates of Congress Avenue Holdings, LLC.

8. Plaintiff-Debtors allege that they are the rightful owners of the Properties. The Petition asserts causes of action against Defendants for: (1) fraudulent filings in violation of Chapter 12 of the Tex. Civ. Prac. & Rem. Code; (2) conspiracy to defraud pursuant to Chapter 12 of the Tex. Civ. Prac. & Rem. Code; (3) suit to quiet title; (4) trespass to try title pursuant to Tex. Prop. Code sections 22.001, *et seq.*; (5) request for appointment of receiver pursuant to Tex. Civ. Prac. & Rem. Code § 64.001 *et seq.*; (6) request for appointment of receiver pursuant to

Tex. Bus. Org. Code **§** 11.401 *et seq.*; (7) attorneys' fees; and (8) exemplary damages. Through their claims in the State Court Action, Plaintiff-Debtors seek declaratory relief that the Properties are rightfully owned by the Plaintiff-Debtors, and establishing title to, and right of possession of, the Properties in the Plaintiff-Debtors.

## TIMELINESS

9. The ATX Defendants have not been served with the Petition. The ATX Defendants timely filed this Notice of Removal within 30 days of receipt, through service or otherwise, of a copy of the initial pleading in accordance with Bankruptcy Rule 9027(a)(3).

10. Pursuant to Rule 9027 of the Bankruptcy Rules and the Local Rules, attached hereto as **Exhibit A** is an index and copies of all process, pleadings, and orders filed in this action in the State Court.

11. Attached hereto as **Exhibit B** is a copy of a Notice to State Court of Removal (without exhibits), which will be promptly served upon Plaintiff-Debtors' counsel and filed with the State Court. *See* Bankruptcy Rule 9027(b), (c).

12. The ATX Defendants reserve all rights and defenses with respect to the Petition.

## GROUNDS FOR REMOVAL

13. This action was filed in Travis County, Texas, which is within this Court's district and division. *See* 28 U.S.C. § 1452(a).[2]

14. This action is removable pursuant to 28 U.S.C. § 1452(a), which provides that "[a] party may remove any claim or cause of action in a civil action… to the district court where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." Local Rule 9027 provides that a notice of removal pursuant to

---

[2] The State Court Action is not a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power.

28 U.S.C. § 1452(a) shall be filed with the Clerk of the Bankruptcy Court, rather than the Clerk of the District Court. *See also In re Coastal Plains, Inc.*, 338 B.R. 703, 711 (N.D. Tex. 2006) (siding with the majority of federal courts concluding that, under 28 U.S.C. § 1452, cases may be removed directly from state court to the bankruptcy court without first being routed through the district court).

15. This is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1334. Section 1334(e) provides that the "district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate." Section 1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in *or related to cases under title 11*. § 1334(b) (emphasis added). This Court has jurisdiction under 28 U.S.C. § 1334(e) and (b) because this case involves a determination of ownership of purported property of the Plaintiff-Debtors' bankruptcy estates and the case clearly relates to the Bankruptcy Cases.

### A. This Court Has Exclusive Jurisdiction of This Case Under 28 U.S.C. § 1334(e) Because the State Court Action Involves Recovery of Property of the Estate

16. This Court has exclusive jurisdiction over the State Court Action under 28 U.S.C. § 1334(e) because the State Court Action seeks recovery of purported property of the Plaintiff-Debtors' estates through quiet title and trespass to try title causes of action, putting the parties' rights in bankruptcy assets directly at issue. Section 1334(e) affords this Court exclusive control over property belonging to the Plaintiff-Debtors. *See In re Modern Boats, Inc.*, 775 F.2d 619 (5th Cir. 1985). This exclusive jurisdiction extends to actions involving the actual recovery of property of the Plaintiff-Debtors' estates. *In re CitX Corp.*, 302 B.R. 144, 161 n. 10 (Bankr. E.D. Pa. 2003) ("An action, in personam, that seeks to establish personal liability of the debtor on a

claim, but which is not specifically targeted to ownership of, or rights in and to, property of the estate does not fall within this subsection. Thus, unless an action involves the actual recovery of property of the estate, rather than reparations paid for damages suffered, the action may proceed in state court without offending the exclusivity provision." (citing *In re AG Indus., Inc.*, 279 B.R. 534, 539 (Bankr. S.D. Ohio 2002)).

17. The State Court Action is specifically targeted at ownership of the Properties. Plaintiff-Debtors contend that they are the rightful owners of the Properties and that title to the Properties should be vested in the Plaintiff-Debtors. This Court has "exclusive jurisdiction over property of the estate, including exclusive jurisdiction to determine what is and is not property of the estate." *In re Stone Creek Village Property Owners Ass'n, Inc.*, No. 10-54343-C, 2011 WL 3236038, at *2 (Bankr. W.D. Tex. July 27, 2011). If the Plaintiff-Debtors' allegations are meritorious—and the ATX Defendants assert that they are not—then the Properties are undoubtedly property of the Plaintiff-Debtors' bankruptcy estates, and the Court has exclusive jurisdiction to determine the management and control of the Properties. *See, e.g.*, *Landry v. Exxon Pipeline Co.*, 260 B.R. 769, 783 (Bankr. M.D. La. 2001) (Finding that the exclusive jurisdiction under Section 1334(e) extends "so far as the actual distribution, management, and control of that property is concerned.").

18. This Court thus has exclusive jurisdiction over the State Court Action under 28 U.S.C. § 1334(e).

**B. This Court Also Has Original Jurisdiction of This Case Under 28 U.S.C. § 1334(b) Because the Claims Are "Related To" the Bankruptcy Cases**

19. This Court has exclusive jurisdiction over the State Court Action under 28 U.S.C. § 1334(e). Additionally this Court has original jurisdiction over the State Court Action under 28 U.S.C. § 1334(b) as a civil proceeding related to a case under the Bankruptcy Code: the Plaintiff-

Debtors' Bankruptcy Cases. *See Matter of Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (adopting Third Circuit's *Pacor* test for "related to" jurisdiction: "whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy"); *see also In re PennySaver USA Publishing, LLC*, 587 B.R. 43, 49 (Bankr. D. Del. 2018) ("Key to the [Third Circuit's *Pacor*] test is the word 'conceivably,' which does not require 'certainty, or even likelihood.' The test is satisfied so long as a proceeding '*may* impact… debtor's rights, liabilities, options, or freedom of action or the handling and administration of the bankrupt estate.'"). While "related to" jurisdiction is not unlimited, it "may extend more broadly when it concerns a reorganization under Chapter 11 as opposed to a liquidation under Chapter 7." *In re Karta Corp.*, 296 B.R. 305, 310 (Bankr. S.D.N.Y. 2003) (citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 310 (1995)).

20. Here, the State Court Action undoubtedly has a conceivable effect on the Plaintiff-Debtors' estates, as the Plaintiff-Debtors are alleging that they have retained an interest in the Properties and are seeking a declaration that they (the Plaintiff-Debtors) are the rightful owners of the Properties, along with damages and other relief—this the State Court Action is "related to" the Bankruptcy Cases. In point of fact, the claims alleged in the State Court Action are estate claims that represent the ***only assets remaining*** in the Plaintiff-Debtors' Bankruptcy Cases. The Plaintiff-Debtors have not confirmed a plan in any of the Bankruptcy Cases. Any and all proceeds that the Plaintiff-Debtors allege they are entitled to in the State Court Action are property of the estate pursuant to 11 U.S.C. § 541, and it is in the best interest of all creditors of the Plaintiff-Debtors that these claims are brought into the Bankruptcy Court.

**STATEMENT REGARDING NATURE OF PROCEEDING**

21. Upon removal, this case is a core proceeding under 28 U.S.C. § 157(b). Section 157(b)(2) provides a non-exhaustive list of "core" bankruptcy proceedings, which includes in part:

> (2) Core proceedings include, but are not limited to—
>
> (A) matters concerning the administration of the estate;
>
> (B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;
>
> (C) counterclaims by the estate against persons filing claims against the estate
>
> . . .
>
> (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship.

28 U.S.C. § 157(b)(2)(A), (E), (O).

22. Here, the matters involved in the State Court Action are core matters that satisfy several of the criteria set forth in 28 U.S.C section 157(b)(2). First, the State Court Action directly affects the administration of the Plaintiff-Debtors' estates within the meaning of section 157(b)(2)(A) because (i) the ATX Debt Fund 1 and ATX Debt Fund 2 are the largest creditors of the Plaintiff-Debtors, (ii) the Properties are the largest assets of the Plaintiff-Debtors, (iii) ATX Debt Fund 1 and ATX Debt Fund 2 have actively participated in these Bankruptcy Cases, and (iv) it would be impossible to administer the Plaintiff-Debtors' estates without resolving the matters raised in the State Court Action. *See Matter of Paso Del Norte Oil Company*, 755 F.2d 421, 425 (5th Cir.1985) (stating that a determination of core status relies on whether it is possible

to administer the estate without resolving the controversy); *Regal Row Fina, Inc. v. Washington Mut. Bank*, No. CIV.A. 3:04-CV-1033-, 2004 WL 2826817, at *6 (N.D. Tex. Dec. 9, 2004) (finding removed action was a "core" proceeding where defendant was largest creditor of the debtor, defendant's collection activity caused bankruptcy filing, and defendant had filed a proof of claim and actively participated in cash collateral hearings).

23. The State Court Action also relates to the allowance or disallowance of claims against the Plaintiff-Debtors' estates, which is a core matter under 28 U.S.C. section 157(b)(2)(B). ATX Debt Fund 1's and ATX Debt Fund 2's predecessors-in-interest filed proofs of claim in these Bankruptcy Cases, and subsequently transferred those claims to ATX Debt Fund 1 and ATX Debt Fund 2, which ATX Debt Fund 1 and ATX Debt Fund 2 then used to credit bid at the foreclosure sales. The State Court Action is intertwined with the ATX Defendants' claims against the Plaintiff-Debtors asserted in these Bankruptcy Cases, and necessarily affects the allowance or disallowance of claims against the Debtors' estates. *See Regal Row*, No. CIV.A. 3:04-CV-1033-, 2004 WL 2826817, at *6 ("[B]ecause Washington Mutual has filed a proof of claim in [the] bankruptcy case and because this case is intertwined with its proof of claim, the case necessarily affects the allowance or disallowance of claims against Regal Row's bankruptcy estate.").

24. Moreover, numerous courts have held that claims asserted by a debtor against an entity that has filed a proof of claim against the estate are counterclaims within the meaning of 28 U.S.C. section 157(b)(2)(C). *See e.g.*, *In re Performance Nutrition, Inc.*, 239 B.R. 93, 99 (Bankr. N.D. Tex. 1999) (holding that claims in a bankruptcy trustee's adversary complaint against creditors that had filed proofs of claims in the debtor's bankruptcy cases were counterclaims within the meaning of section 157(b)(2)(C)). Accordingly, the claims brought in

the State Court Action are counterclaims under section 157(b)(2)(C), over which the Bankruptcy Court has jurisdiction as a core proceeding.

25. The claims asserted in the State Court Action also fall into one or more of the other categories of enumerated core proceedings enumerated, including the "catch-all" provision of section 157(b)(2)(O), as the matters raised therein undoubtedly affect the debtor-creditor relationship between the Plaintiff-Debtors and the ATX Defendants. *See Matter of Baudoin,* 981 F.2d 736, 742 (5th Cir. 1993) ("While we recognize that § 157(b)(2)(O) is to be narrowly construed, we are confident that the . . . claim is precisely the type which fits within the catch-all provision's narrow ambit [as] [i]t would affect the liquidation of the assets of the estate or the adjustment of the debtor-creditor relationship tremendously." (internal citations and quotations omitted)).

26. If the Court determines, however, that this proceeding is a non-core proceeding, Defendant consents to the entry of final orders and judgment by this Court.

**DEFENDANTS CONSENT TO REMOVAL**

27. The ATX Defendants consent to removal to the Bankruptcy Court.

28. Consent of the other named co-defendants is not necessary for removal pursuant to 28 U.S.C. § 1452. Specifically, because the text of 28 U.S.C. § 1452 authorizes removal by "[a] party," courts in this Circuit have held that Section 1452 does not require the unanimous consent of all defendants for removal. *See In re Performance Interconnect Corp.*, 2007 WL 2088281, at *5 n.5 (Bankr. N.D. Tex. July 19, 2007) ("'[B]ecause any one 'party' can remove under Section 1452(a), removal under that provision, unlike removal under Section 1441(a), does not require the unanimous consent of the defendants.'" (internal citations omitted)); *Newby v. Enron Corp. (In re Enron Corp. Sec., Derivative & "ERISA" Litig.)*, No. H–01–3642, H–03–

2345, 2004 WL 1237497, at *5 (S.D. Tex. May 20, 2004) ("[This court] concurs with the majority of courts that have ruled on this question . . . that unanimous consent among defendants is not required for removal under 28 U.S.C. §§ 1334(b) and 1452."); *In re Guerrero*, 2013 WL 6834642, at *4–5 (Bankr. S.D. Tex. Dec. 20, 2013) (not requiring unanimous consent for section 1452 "furthers the policy of decreasing bankruptcy litigation costs and centralizing the administration of bankruptcy cases").[3]

## CONCLUSION

21. Because the causes of action alleged by Plaintiff-Debtors in the State Court Action involve recovery of property of the Plaintiff-Debtors' bankruptcy estates, this court has exclusive jurisdiction of this case under 28 U.S.C. § 1334(e); additionally because the causes of action alleged by Plaintiff-Debtors in the State Court Action are related to the Bankruptcy Cases, this Court also has jurisdiction pursuant to 28 U.S.C. § 1334, and removal to this Court is proper pursuant to 28 U.S.C. § 1452(a), Bankruptcy Rule 9027, and Local Rule 9027.

[3] As the Texas Court of Appeals has recognized, "the majority of courts interpreting Section 1452 outside the Fifth Circuit, including the Southern District of New York," also "hold that unanimity is not required in order to remove the entire action." *J.P. Morgan Chase Bank, N.A. v. Del Mar Properties, L.P.*, 443 S.W.3d 455, 461 (Tex. App. 2014).

Respectfully submitted,

POLSINELLI PC

*/s/ Liz Boydston*
Liz Boydston (SBN 24053684)
Savanna Barlow (SBN 24109617)
Trinitee Green (SBN 24081320)
POLSINELLI
2950 N. Harwood Street, Suite 2100
Dallas, Texas 75201
Telephone: (214) 397-0030
lboydston@polsinelli.com
sbarlow@polsinelli.com
tgreen@polsinelli.com

*Counsel for ATX Debt Fund 1, LLC, ATX Debt Fund 2, LLC, Karlin Real Estate, LLC, Karlin Asset Management, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 29, 2021, I caused a true and correct copy of Defendants' Notice of Removal to be served on Freidman and Feiger, L.L.P., attorneys for Plaintiff-Debtors, by electronic mail or first-class mail, postage prepaid.

*/s/ Liz Boydston*
Liz Boydston